UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
ASHLAND

| | |
|---|---|
| WILLIAM H. TURNER, | ) |
| | ) |
| Petitioner, | ) Civil No. 0: 17-122-HRW |
| | ) |
| V. | ) |
| | ) |
| THOMAS SMITH, Warden, | ) **MEMORANDUM OPINION** |
| | ) **AND ORDER** |
| Respondent. | ) |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Inmate William H. Turner has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. [D. E. No. 1] This matter is before the Court to conduct to initial screening required by 28 U.S.C. § 2243. *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011).

I

In April 2009, a federal grand jury sitting in Sherman, Texas issued an indictment charging Turner and more than two dozen other defendants for their role in a large-scale conspiracy to manufacture and traffic in cocaine, methamphetamine, and marijuana in violation of 21 U.S.C. § 846. On March 10, 2010, a jury found Turner guilty and that the drug quantity attributable to the overall scope of the conspiracy was five kilograms or more of cocaine. Based upon the jury's drug

1

quantity finding, Turner faced a minimum 10-year prison term. 21 U.S.C. § 841(b)(1)(A).

The presentence report concluded that 60.5 kilograms of cocaine was attributable to Turner for his participation in the conspiracy. Turner objected to this amount during the sentencing hearing based upon the asserted unreliability of the testimony given by his co-conspirators [see D. E. No. 1-7 at 2-3], but that objection was overruled by the trial court based upon the evidence adduced at trial from testifying co-conspirators. At the conclusion of the October 24, 2010, hearing, the trial court imposed a 235-month sentence. *United States v. Turner*, No. 4: 09-CR-48-ALM-KPJ-13 (E.D. Tex. 2009).

Turner raised numerous issues on direct appeal, among them a challenge to the trial court's conclusions regarding drug quantity for sentencing purposes. The Fifth Circuit rejected that and Turner's other claims, affirming in April 2012. *United States v. Turner*, No. 10-41146 (5th Cir. 2010).

In February 2013, Turner filed a motion to vacate his conviction and sentence pursuant to 28 U.S.C. § 2255 on numerous grounds, but the primary focus was the asserted ineffectiveness of his counsel. In a supplemental memorandum filed in July 2013, Turner asserted an entirely-new claim: that the imposition of a sentence based upon drug quantity findings made by the court, not the jury, was contrary to the

Supreme Court's then-recent decision in *Alleyne v. United States*, 570 U.S. 99 (2013).

The trial court denied that motion in March 2016. In doing so, it indicated that Turner's claim was, in actuality, based upon the Supreme Court's 16-year-old decision in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), which had held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Id.* at 490. While Turner purported to rely upon *Alleyne*, that decision had merely extended the principle of *Apprendi* to facts that increased a mandatory minimum sentence, *Alleyne*, 570 U.S. at 107-09, something that did not occur during Turner's prosecution and sentencing. The trial court noted that neither *Apprendi* nor *Alleyne* applied retroactively on collateral review, and denied the motion. Turner sought a certificate of appealability solely upon his *Alleyne* claim, which the Fifth Circuit denied in November 2016. *Turner v. United States*, No. 4: 13-CV-65-ALM (E.D. Tex. 2013).

In an extensive memorandum filed in support of his petition, Turner argues that (1) resort to relief under Section 2241 pursuant to the "savings clause" of Section 2255(e) is (or ought to be) available under a far broader set of circumstances than current precedent permits [D. E. No. 1-1 at 9-11], and (2) the Fifth and Sixth Amendments to the United States Constitution require that a jury, not the court,

3

establish the drug quantity attributable to a defendant beyond a reasonable doubt in all circumstances. [D. E. No. 1-1 at 5-9, 12-14]

Turner, through his memorandum, has made an admirable attempt to navigate this byzantine area of the law, but his arguments are wide of the mark. First, this Court is bound to follow controlling precedent from the Sixth Circuit Court of Appeals governing the permissible scope of the savings clause. To properly invoke the savings clause and seek relief under § 2241, Turner – who challenges not his conviction but the sentence imposed – must show that (1) his sentence was imposed when the Sentencing Guidelines were mandatory before the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005); (2) he was foreclosed from asserting his present claim in a successive petition under § 2255; and (3) after his sentence became final, the Supreme Court issued a retroactively applicable decision establishing that - as a matter of statutory interpretation - a prior conviction used to enhance his federal sentence no longer qualified as a valid predicate offense. *Hill v. Masters*, 836 F. 3d 591, 599-600 (6th Cir. 2016).

Turner fails to satisfy these criteria. First, Turner was sentenced in 2010 under the Guidelines to a 235-month prison term. This sentence was governed by the Guidelines, and it was imposed five years after *Booker* rendered those Guidelines advisory rather than mandatory. Second, nearly all of the decisions upon which Turner relies were decided well before his sentence was imposed, not after, and he

4

was therefore obligated to assert them as a ground for relief on direct appeal or in an initial motion for relief under Section 2255. Finally, although Turner does not expressly invoke *Apprendi* in his memorandum, it is that decision and its progeny upon which his claim ultimately rests. But that decision was decided well before Turner was sentenced, not after his conviction became final.

Even if Turner could assert his *Apprendi / Alleyne* claim in this proceeding, it is without merit. Turner's reliance upon these cases is misplaced because in his case, the jury found him guilty beyond a reasonable doubt of conspiring to traffic in five or more kilograms of cocaine. That finding, by a jury, was sufficient under *Alleyne* to render Turner subject to the mandatory minimum 10-year sentence established by 21 U.S.C. § 841(b)(1)(A). *Alleyne*, 570 U.S. at 107. The 235-month sentence actually imposed was more than that 10-year minimum but less than the maximum of life imprisonment authorized by § 841(b)(1)(A). The Constitution does not require that every fact used to decide upon a sentence within that broad range must be found by a jury beyond a reasonable doubt. *United States v. Johnson*, 732 F. 3d 577, 584 (6th Cir. 2013) ("*Alleyne* did not extend *Apprendi* to facts that do not increase the prescribed statutory penalties").

This is plain from *United States v. Booker*, 543 U.S. 220, 233 (2005), which noted that a judge's "selection of particular sentences in response to differing sets of facts [does] not implicate the Sixth Amendment. We have never doubted the

authority of a judge to exercise broad discretion in imposing a sentence within a statutory range." As the Fourth Circuit has aptly explained:

> Since *Apprendi v. New Jersey*, drug quantities that increase the statutory maximum sentence are elements of the offense and thus must be charged in the indictment and submitted to the jury for proof beyond a reasonable doubt. *See* 530 U.S. 466, 490, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). While *Apprendi* affects the calculation of the statutory maximum sentence that may be imposed, it does not affect the calculation of the applicable sentencing guideline range. "Sentencing judges may find facts relevant to determining a Guidelines range by a preponderance of the evidence, so long as that Guidelines sentence is treated as advisory and falls within the statutory maximum authorized by the jury's verdict." *United States v. Benkahla*, 530 F.3d 300, 312 (4th Cir. 2008), *cert. denied*, __ U.S. __, 129 S.Ct. 950, 173 L.Ed.2d 146 (2009); *see also United States v. Perry*, 560 F.3d 246, 258 (4th Cir. 2009) (holding that, after *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), district courts may "continue to make factual findings concerning sentencing factors ... by a preponderance of the evidence" and consider acquitted conduct when applying the guidelines in an advisory fashion). As long as the sentence imposed does not exceed the maximum sentence authorized by the jury's verdict, the district court does not violate the Sixth Amendment by imposing a sentence based on a higher drug quantity than was determined by the jury. *See United States v. Webb*, 545 F.3d 673, 677 (8th Cir. 2008).

*United States v. Izegwire*, 371 F. App'x 369, 374 (4th Cir. 2010). See also *Romero v. Warden Florence FCI*, 550 F. App'x 72, 74 (3d Cir. 2014) ("*Alleyne* involved mandatory statutory minimum sentences, not routine calculations under the Sentencing Guidelines of the kind that Romero has repeatedly sought to challenge."); *Hames v. Sepanek*, No. 0:13-111-HRW (E.D. Ky. Sept.17, 2013).

Because the 235-month guidelines sentence imposed was substantially less than the statutory maximum sentence authorized by the jury's finding, Turner's rights under the Sixth Amendment were not violated, and his petition must be denied. *Booker*, 543 U.S. at 233; *Johnson*, 732 F. 3d at 584.

Accordingly, it is hereby **ORDERED** as follows:

1. Petitioner William H. Turner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [D. E. No. 1] is **DENIED**.

2. This action is **DISMISSED** and **STRICKEN** from the Court's docket.

3. Judgment shall be entered contemporaneously with this Memorandum Opinion and Order.

This 28th day of March, 2018.



Signed By:
Henry R. Wilhoit, Jr.
United States District Judge